■ CALVIN BATES, Appellant, v. CITY OF ALBANY, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered in Albany County on January 13, 1972, which dismissed the complaint. Plaintiff, a fire-fighter employed by the City of Albany, brought this action to recover wages allegedly due under section 3 of chapter 1011 of the Laws of 1968, as amended by section 3 of chapter 959 of the Laws of 1969 and section 90 of the General Municipal Law, alleging that, between February 12, 1965 and December 25,

1968, he was required to work on 13 holidays, and did not, within a period of one year next following each holiday, receive equivalent time off or compensation pursuant to section 90 of the General Municipal Law in lieu of equivalent time off as provided by section 1012-a of the Unconsolidated Laws. Defendant moved to dismiss the complaint under CPLR 3211 (subd. [a], par. 7) upon the ground that the complaint failed to state a cause of action. Special Term granted the motion stating "The City is not mandated to pay monetary compensation but rather is mandated to render a decision as to whether it will pay or grant compensatory time (General Municipal Law, § 90). It is a permissive statute and the defendant, City, has not made any determination. Therefore, the complaint must be dismissed." Section 3 of chapter 959 of the Laws of 1969 (formerly section 168 [b] of the Labor Law) provides in pertinent part as follows: "Definition. As used in this section, the term 'fireman' means a paid uniformed member of a fire department who has been duly appointed from an appropriate civil service list. Notwithstanding any contrary provisions of any general, special or local law, or of any city charter or ordinance * * * a fireman who shall be required to work on any of the following holidays shall within a period of one year next following such holiday receive equivalent time off or receive compensation pursuant to section ninety of the general municipal law in lieu of such equivalent time off". The provisions of section 3 of chapter 959 of the Laws of 1969 make it mandatory that a fireman required to work on certain holidays be granted equivalent time off or compensation for the work performed. Since the defendant here did not provide for the equivalent time off to which plaintiff was entitled within a period of one year next following such holidays, plaintiff was entitled to compensation pursuant to section 90 of the General Municipal Law. Section 90 does not become the authority for the right to payment, it merely sets forth the rate of pay for the overtime to which plaintiff is entitled. The action for breach of contract and to recover for compensation due is adequately alleged in the complaint, and the motion to dismiss should be denied. (Cf. *Carner* v. *City of Buffalo*, 33 A D 2d 1098.) Judgment reversed, on the law, and motion to dismiss denied, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.